THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE, *et al.*, § § § *Plaintiffs,* § § v. § § JOSEPH R. BIDEN, JR., in his official capacity § as President of the United States, *et al.*, § § *Defendants.* § § § | Civil Action No.: 2:24-cv-00152-Z |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 7.1, Plaintiffs respectfully move this Court to issue a preliminary injunction enjoining Defendants from further actions implementing Executive Order 14019, and as soon as practicable, issue a temporary restraining order to preserve the status quo until the Court can issue a decision regarding the preliminary injunction.

1. Regarding a preliminary injunction, as set forth in detail in the Memorandum filed in support of this Motion, Plaintiffs are substantially likely to succeed on the merits of at least six of the eleven counts in the First Amended Complaint, ECF No. 11, challenging Executive Order 14019, *Promoting Access to Voting*, 86 Fed. Reg. 13,623 (Mar. 7, 2021) (EO), and the federal agency actions implementing the EO. Five of those counts concern Defendants' violations of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Specifically: *First*, these agency actions exceed the authority granted by the only statute substantively invoked in the EO, the National Voter Registration Act, 52 U.S.C. § 20501 *et seq.* (NVRA), because Congress must speak clearly

when authorizing agency actions that have implications for federalism or that raise major political questions, and Defendants' actions fail under that clear-statement rule.  *Second*, many of the agency actions implementing the EO are substantive rules under the APA because they have a substantial impact on rights, but Defendants did not follow the APA procedures for notice and comment for substantive rules.  *Third*, the agency actions are arbitrary and capricious because: (a) Defendants are pursuing partisan electoral objectives, (b) Defendants' purported justification is merely pretext, and (c) Defendants refused to consider the risk of noncitizen voting exacerbated by their actions, despite that issue being a major concern pertaining to these actions.  *Fourth*, many of the agency actions are not in accordance with law, either because they are inconsistent with the findings and purposes of the NVRA or because they violate other statutes and regulations.  And *fifth*, these actions violate the Anti-Deficiency Act, 31 U.S.C. § 1341, because they spend money that Congress never provided through appropriations.  The *sixth* count on which Plaintiffs are likely to succeed is that the EO itself is *ultra vires*, because the President lacks constitutional or statutory authority to issue such an order in the first place.

The other factors for a preliminary injunction are likewise met.  There are four classes of Plaintiffs here: election administrators, candidates for political office, political parties, and States through their statewide officials.  These eighteen Plaintiffs represent thirteen States, which account for forty-five percent of the population of the United States.  Each of these Plaintiffs has suffered injuries-in-fact that are irreparable, harms that will continue to worsen absent injunctive relief.  The remaining two factors of the balance of equities and the public interest merge because Defendants comprise the United States Government, and are satisfied here because, *inter alia*, requiring federal agencies to act in accordance with federal statutes is in the public interest.

Accordingly, to prevent further irreparable injury, the Court should grant this Motion and preliminarily enjoin Defendants from (1) continuing their unlawful partisan voter registration efforts and (2) commencing the get-out-the-vote (GOTV) efforts mentioned in various documents that are either published by Defendants or that have been uncovered despite Defendants' stonewalling, including even defying lawful subpoenas issued by Congress in refusing to produce these documents.

2. Finally, among the States represented by Plaintiffs here, early voting will commence on September 16, 2024, in Pennsylvania, at which time the harm from unlawful GOTV efforts will become irreversible. That harm will continue to multiply on September 20, 2024, when early voting begins in Virginia and Minnesota, followed by still more States shortly thereafter. Accordingly, Plaintiffs respectfully move this Court to temporarily restrain Defendants no later than September 16, 2024, or as soon as practicable thereafter, to preserve the status quo for the short time needed for this Court to formulate a decision regarding issuance of a preliminary injunction.[1]

## CONCLUSION

For these reasons and those set forth in the accompanying Memorandum, the Court should grant a temporary restraining order by September 16, 2024, or as soon as practicable thereafter, to be succeeded in due course by a preliminary injunction.

---

[1] The injunctive relief Plaintiffs are requesting would serve the public interest. Accordingly, Plaintiffs respectfully ask the Court to exercise its discretion not to require security or bond under FED. R. CIV. P. 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

September 10, 2024

Respectfully submitted,

*/s/ Kenneth A. Klukowski*
H. CHRISTOPHER BARTOLOMUCCI*
D.C. Bar No. 453423
KENNETH A. KLUKOWSKI
D.C. Bar No. 1046093
JUSTIN A. MILLER
Tex. Bar No. 24116768
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
kklukowski@schaerr-jaffe.com

JESSICA HART STEINMANN
Tex. Bar No. 24067647
MICHAEL D. BERRY
Tex. Bar No. 24085835
AMERICA FIRST POLICY INSTITUTE
1635 Rogers Road
Fort Worth, TX 76107
Telephone: (571) 348-1802

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

4

**CERTIFICATE OF CONFERENCE**

On September 9, 2024, I conferred with Alexander Sverdlov, attorney for Defendants regarding the relief sought in the foregoing motion. Agreement could not be reached because Defendants are opposed to the relief sought. Accordingly, the foregoing is presented to the Court as opposed.

*/s/ Kenneth A. Klukowski*
Kenneth A. Klukowski
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

On September 10, 2024, the foregoing document was filed with the Clerk of Court for the United States District Court, Northern District of Texas using the Court's CM/EC system. I hereby certify that I have served the document on all counsel of record by manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF system).

*/s/ Kenneth A. Klukowski*
Kenneth A. Klukowski
*Counsel for Plaintiffs*
