THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE, *et al.*, § § § *Plaintiffs,* § § v. § Civil Action No.: 2:24-cv-00152-Z § JOSEPH R. BIDEN, JR., in his official capacity § as President of the United States, *et al.*, § § *Defendants.* § § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs respectfully move for leave to file a Memorandum supporting Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction exceeding the standard 25-page limit. *See* L.R. 7.2(b), 7.2(c).  Pursuant to Local Rule 7.1(a), all parties consent to this Motion.

In support of this Motion, Plaintiffs state as follows:

Plaintiffs' First Amended Complaint is 98 pages, including 62 pages of facts and 11 counts. Plaintiffs are pressing only six of those 11 counts in Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.  However, each of those six counts is governed by a different body of law, a couple of which are fact-intensive.  For instance, there are multifarious ways controlling precedent finds agency actions arbitrary and capricious.  *See, e.g.*, *Ohio v. EPA*, 144 S. Ct. 2040, 2053–54 (2024); *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1, 16 (2020); *Dep't of Comm. v. New York*, 588 U.S. 752, 776, 785 (2019); *Texas v. Biden*, 809 F.3d 134, 173–75 (5th Cir. 2015), *aff'd by an equally divided Court*, 579 U.S. 547, 548 (2016).

Consequently, Plaintiffs required considerable space to review Defendants' many actions implementing the EO. So too, Plaintiffs required extended discussion to explain which agency actions implementing the EO satisfy the Fifth Circuit's test for being substantive rules requiring notice and comment under the Administrative Procedure Act, 5 U.S.C. § 706(2)(D), and thus should be held unlawful for failure to observe procedural requirements. *See, e.g.*, *Texas*, 809 F.3d at 176–78. Adequately setting forth the rules of decision for each of those counts and applying them to the multitude of relevant facts required considerable space.

The decision to permit the filing of a brief in excess of the 25-page limitation rests within this Court's discretion. *See* L.R. 7.2(c). The Court has not hesitated to do so when there is an adequate showing of "extraordinary and compelling reasons." *See, e.g.*, *Texas v. Biden*, No. 2:21-cv-00067-Z (May 21, 2021), ECF No. 37; *All. for Hippocratic Medicine v. FDA*, 2:22-cv-00223-Z (Jan. 2, 2023), ECF No. 15. The Court has even on occasion found that an *amicus* brief meets this standard. *All. for Hippocratic Medicine*, No. 2:22-cv-00223-Z (Jan. 2, 2023), ECF No. 101 (granting Motion for Leave to File Brief and to Exceed Page Limit, ECF No. 97).

This Court should exercise its discretion to grant Plaintiffs' Motion. Given the complex and elaborate fact pattern here and the need to apply a half-dozen bodies of law to that lengthy factual record, Plaintiffs request leave to exceed the standard page limit. These are thus "extraordinary and compelling reasons" to grant Plaintiffs' motion. *See* L.R. 7.2(c). The brief is 50 pages, excluding the cover sheet, table of contents, table of authorities, and certificate of service.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion to file a brief in excess of the page limitation.

September 10, 2024

Respectfully submitted,

*/s/ Kenneth A. Klukowski*
H. CHRISTOPHER BARTOLOMUCCI*
D.C. Bar No. 453423
KENNETH A. KLUKOWSKI
D.C. Bar No. 1046093
JUSTIN A. MILLER
Tex. Bar No. 24116768
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
kklukowski@schaerr-jaffe.com

JESSICA HART STEINMANN
Tex. Bar No. 24067647
MICHAEL D. BERRY
Tex. Bar No. 24085835
AMERICA FIRST POLICY INSTITUTE
1635 Rogers Road
Fort Worth, TX 76107
Telephone: (571) 348-1802

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

On September 9, 2024, I conferred with Alexander Sverdlov, counsel for Defendants regarding the relief requested herein. Defendants consent to Plaintiffs' request. As such, this Motion is presented to the Court as unopposed.

*/s/ Kenneth A. Klukowski*
Kenneth A. Klukowski

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

On September 10, 2024, the foregoing document was filed with the Clerk of Court for the United States District Court, Northern District of Texas using the Court's CM/ECF system. I hereby certify that I have served the document on all counsel of record by manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF system).

*/s/ Kenneth A. Klukowski*
Kenneth A. Klukowski

*Counsel for Plaintiffs*